# NO. 12-19-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHUA DALE LINDSEY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 2ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Appellant, Joshua Dale Lindsey, filed an objection to the reporter's record. He states that volumes four and five are virtually identical and that the court reporter acknowledges having made a mistake, particularly with respect to volume five, the transcript from a January 2018 hearing. Appellant states that he has yet to receive a corrected record despite contacting the reporter and that lack of the record's availability is not due to his own fault. Appellant is correct that volume five, which purports to transcribe a hearing from January 2, 2018, virtually mirrors the transcript from volume four. It is unclear whether the transcript simply requires correction or has been lost or destroyed.

The Texas Rules of Appellate Procedure provide that, when the reporter's record is lost or destroyed, an appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;
(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;
(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). Regarding the correction of inaccuracies in the reporter's record, the parties may agree to correct an inaccuracy in the record without the reporter's recertification. TEX. R. APP. P. 34.6(e)(1). When, as in this case, the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. TEX. R. APP. P. 34.6(e)(3). If, after notice and hearing, the trial court finds any inaccuracy, it must order the reporter to conform the record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court. TEX. R. APP. P. 34.6(e)(2). "By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record." TEX. R. APP. P. 34.2. "An agreed record will be presumed to contain all evidence and filings relevant to the appeal." *Id*.

Accordingly,

It is ORDERED that the Honorable Chris R. Day shall, in accordance with Texas Rule of Appellate Procedure 34.6(e)(2), conduct a hearing, **on or before December 18, 2019**, and make written findings of fact as to whether (1) volume five of the record has been lost or destroyed, and (2) there are any inaccuracies in the record and, if any such inaccuracies exist, the corrections to be made. If the trial court finds the record to be inaccurate, the trial court shall order the court reporter to conform the reporter's record to what occurred in the trial court and file certified corrections with this Court. If the trial court finds the record to be lost or destroyed, the trial court shall determine whether (1) without Appellant's fault, a significant portion of the record has been lost or destroyed and, if so, whether the missing portion of the record is necessary to the appeal's resolution, (2) the missing portion of the record can be replaced by stipulation or agreement of the parties, and (3) Appellant is entitled to a new trial under Rule 34.6(f).

It is FURTHER ORDERED that a supplemental clerk's record including the trial court's written findings, along with any supporting documentation and orders, be certified to this Court **on or before January 3, 2020.**

It is FURTHER ORDERED that the court reporter file a reporter's record of the Rule 34.6 hearing **on or before January 3, 2020**.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this _____ day of December 2019, A.D.



KATRINAMCCLENNY, CLERK

12th Court of Appeals

By:__*Katrina McClenny*__